UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES D. DELUCA, TONYA S. NEAL, CRYSTAL J. DELUCA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:08CV1372SNLJ |
| STARMOUNT LIFE INSURANCE CO., INC., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion for Summary Judgment (#14) filed November 12, 2008. Plaintiff filed a response (#18) on December 2, 2008. Defendant then filed a reply (#22) on December 9, 2008.

### I. Statement of the Case

In March 2001, defendant, Starmount Life Insurance Company, Inc., issued a life insurance policy insuring the life of Joy J. DeLuca in the amount of $200,000. The policy provided that upon proof of death of the insured, proceeds would be paid to the beneficiary(ies). Initially, the policy listed as beneficiary "Joy J. DeLuca Living Trust" whose relationship was listed as "8 children equal." On May 31, 2007, the policy was amended to name only the plaintiffs, a son, James D. DeLuca, and two granddaughters, Tonya S. Neal, and Crystal J. DeLuca, as beneficiaries. Joy J. Deluca died on July 13, 2008. Defendant was notified of the insured's death on July 15, 2008, and plaintiff James D. DeLuca made a claim under the policy on July 19, 2008. On July 21, 2008, defendant was advised by Edward Hoertel, a representative Daniel DeLuca, another son of the insured, and several of his siblings, that they were contesting

the payout of the death benefit to plaintiffs because they believed the request for change of beneficiaries was forged. On July 30, 2008, defendant received a formal request from Edward Hoertel to "freeze" the policy proceeds and confirm that the proceeds would not be distributed without a court order. Plaintiffs' opposition to summary judgment claims insufficient knowledge to admit or deny the interactions between Mr. Hoertel and defendant, however, the dispute was acknowledged by plaintiffs in a letter to defendant dated July 30, 2008, which also demanded payment. By letter dated August 4, 2008, defendant informed plaintiffs, Edward Hoertel, and Dr. Angela Basham that, due to the family dispute, the insurance proceeds would only be paid upon the receipt of a court order or a written compromise signed by all potential beneficiaries. On August 21, 2008, plaintiffs filed this action for vexatious refusal to pay insurance proceeds in the Circuit Court of Phelps County and defendant had it removed to this Court on September 11, 2008. On August 26, 2008, Daniel DeLuca filed suit against plaintiffs, defendant, Gene E. Deluca, and The Reliable Life Insurance Company in the Circuit Court of Phelps County to determine the proper beneficiaries under the policy. In addition, on September 2, 2008, defendant filed an Interpleader action against plaintiffs, Daniel DeLuca, David DeLuca, Gene DeLuca, Mike DeLuca, Deborah Turner, and Amy DeLuca in the United States District Court, Eastern District, St. Louis Division, to determine the proper beneficiaries. On September 16, 2008, defendant deposited the life insurance proceeds, $201,394.00, with the District Court in an interest bearing account.

Since the filing of these cases the September 2 action has been stayed pending the outcome of the August 26 Circuit Court of Phelps County proceeding. The funds initially deposited with the District Court have been transferred to Phelps County. The action for

vexatious refusal to pay remains with this Court and defendant now brings this motion for summary judgment.

## II. Standard for Summary Judgment

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences

that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

## III. Discussion

Defendant argues that it should be granted summary judgment because it acted in good faith to comply with the policy, thus there can be not vexatious refusal to pay. Plaintiffs respond in two ways, first, there exist material facts in dispute that bar summary judgment. Second, plaintiffs allege that, at the time of refusal, defendant acted with a vexatious and recalcitrant attitude.

### A. Disputed Facts

Defendant contends that there are no genuine issues of material fact that are in dispute, thus allowing this Court to grant a motion for summary judgment. Plaintiffs, however, argue that it currently has insufficient knowledge to admit or deny Statement of Fact 12, that defendant was informed by Mr. Hoertel of the intention of other children of the insured to contest the payout to plaintiffs. Plaintiff also alleges a dispute regarding Statement of Fact 18, whether the filing of two causes of action was a "response" to the letter sent by defendant stating it would not pay out the proceeds without a court order.

This Court finds that these facts are not material facts that preclude summary judgment. In the letter sent from plaintiffs to defendant dated July 30, 2008, plaintiffs acknowledged the family dispute regarding the insurance proceeds. In addition, defendant cited this dispute as the reason for the delay in payment in its August 4, 2008, letter. The parties agreement that all parties were aware that the dispute regarding beneficiaries was the reason for the delay makes

statement of fact 12 immaterial. In addition, whether the filing of the different causes of action were "responses" is immaterial. The parties do not dispute the actions that took place, only how to characterize those actions, which is immaterial to a decision on this motion.

### B. Vexatious Refusal to Pay

The policy taken out by the insured states that the policy proceeds will be paid to the beneficiaries of the policy upon receipt of proof of death of the insured. The amount is to include the proceeds as well as any interest accrued between the date proof of death is received and such time as the claim is settled. Defendant argues that before policy proceeds could be paid it was made aware of the dispute of beneficiaries. In response, it notified all parties of the dispute, filed an interpleader action, and paid the proceeds into the court where they have remained and continued to acquire interest. Defendant contends that these actions were a good faith response to a known dispute over proceeds and thus there was no vexatious refusal or delay of payment.

The issue of whether the refusal or delay of payment is vexatious is a factual matter. DeWitt v. Am. Fam. Mutual Ins. Co., 667 S.W.2d 700, 710 (Mo. 1984) (en banc). The finder of fact "may find vexatious delay upon a general survey and a consideration of the whole testimony and all the facts and circumstances in connection with the case." Id. To demonstrate vexatious refusal to pay plaintiffs must prove that defendant's refusal was willful and without reasonable cause or excuse. Mo. Rev. Stat. § 375.420; *see also* Columbia Mutual Ins. Co. v. Epstein, 200 S.W.3d 547, 552 (Mo. App. E.D. 2006).

Plaintiffs respond that because the policy states that the proceeds should be paid to the beneficiaries any refusal to pay directly to the named parties is a vexatious refusal. Plaintiff's then cite to Missouri cases which found vexatious delay on the part of an insurance company where it held proceeds even after obtaining proof required for payment. In Victor v. Manhattan Life Ins.

Co., 772 S.W.2d 826 (Mo. App. E.D. 1989), cited by plaintiffs, the court upheld a finding of vexatious delay where payment was delayed for 18 months because of multiple claims on the proceeds. However, as defendant points out, the insurance company in Victor also failed to investigate or resolve the dispute for several months. In the present case, there was only a delay of a few weeks before the defendant filed an interpleader action to determine the proper beneficiary(ies). Handly v. Lyons, 475 S.W.2d 451 (Mo. App. 1971), is more instructive. Although the court in Handly found vexatious delay after only a six week delay, the defendant insurance company also had failed to contact or communicate with the named beneficiaries "or to follow an alternative procedures such as interpleader, which would have relieved it of responsibility to plaintiffs." Id.

Here, defendants did everything the Handly court instructed. Defendant contacted plaintiffs and made them aware of the challenge to the proceeds and requested action to be taken to reach a resolution. Then, before defendant was made aware of other actions filed by the family members of the insured to resolve the claim, defendant filed its own interpleader action to determine proper beneficiaries. A short time later defendant paid into the registry of the court the proceeds of the policy. These actions demonstrate conclusively and as a matter of law the lack of vexatious attitude held by the defendant.

Nevertheless, plaintiff, argues that these actions post refusal are immaterial because at the time of refusal defendant was acting vexatiously. It is true that whether an insurer's attitude was vexatious and recalcitrant is to be made by viewing the facts as they appeared at the time of refusal. State Farm Mut. Auto Ins. Co. v. Shahan, 141 F.3d 819, 824 (8th Cir. 1998). This Court finds, however, that at the time of refusal defendant was aware of the familial dispute and was making a good faith effort to determine the proper beneficiary before payment was made.

6

Where there exists a question of law or fact, the insurer may insist on a determination without being penalized. Oliver v. Cameron Mut. Ins. Co., 866 S.W.2d 865, 870 (Mo. App. E.D. 1993); Frost v. Liberty Mutual Ins. Co., 828 S.W.2d 915, 919-20 (Mo. App. W.D. 1992). At the time of refusal, defendant was aware that an allegation of forgery called into question who were proper beneficiaries of the policy. Plaintiffs have presented no evidence that the defendant acted without good faith much less in a recalcitrant or vexatious manner. Within only a few weeks of receiving the claim for payment, defendant was notified of the familial dispute which was acknowledged by the named beneficiaries of the policy. It was with this knowledge that they made a good faith refusal. It was not a vexatious action to demand resolution of the dispute over beneficiaries before making payment.

## IV. Conclusion

There are no disputed material facts in this case that preclude a summary judgment motion. Defendant is correct that plaintiffs have presented no evidence to demonstrate that the refusal to pay the insurance proceeds of Joy DeLuca to the plaintiffs was vexatious. Defendant had a good faith belief that there existed a question of law or fact regarding the beneficiaries at the time of refusal and acted in a swift and responsible manner to resolve the question before payment. Absent such a resolution, defendant duly paid the proceeds into the Court for its determination.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (# 14) is **GRANTED** in its entirety.

Dated this  3rd   day of February, 2009.

                                          /s/ Stephen N. Limbaugh, Jr.                    
UNITED STATES DISTRICT JUDGE